UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEBORAH L. WAGNER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.  23 CV 357 |
| HARD ROCK CASINO SPECTACLE ENTERTAINMANT LLC., | ) |
| | ) Jury Demand |
| Defendant. | ) |

COMPLAINT
AS AND FOR A FIRST COUNT OF ACTION
(Title VII-RACE ORIGIN DISCRIMINATION)

**Nature of the Action**

1. **DEBORAH L. WAGNER,** ("WAGNER") brings this action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1990, 42 U.S.C.A. §§ 2000e et seq., ("ACT"), venue jurisdiction under 28 U.S.C.A. § 1343 (4) and 42 U.S.C.A. § 2000e-5(f), and in complaining of the **HARD ROCK CASINO SPECTACLE ENTERTAINMANT LLC.,** ("Defendant"), having subjected WAGNER to Race Discrimination by failure to treat her the same as non-Caucasian employees despite her complaints about same, states as follows:

**PARTIES**

2. WAGNER, is an adult (Caucasian) female, working in a racially diverse office and a resident of Crown Point, Indiana.

3. Plaintiff is an employee of DEFENDANT, since April 19, 2021,

4. DEFENDANT is an employer within the meaning of the Civil Rights Act and 42 U.S.C. 2000(e) *et seq*. and has been at all times material to the allegations herein.

**STATEMENT OF FACTS**

5. Plaintiff was a line leader for DEFENDANT's facility in Gary, Indiana.

## FACTUAL BASIS

6. That WAGNER was treated differently than non-Caucasian employees in the handling of her work assignments and training, and was held to a higher standard of performance than other employees not in her protected classification.

7. While employed at DEFENDANT, WAGNER has met the work expectations of her employer.

8. WAGNER protested her treatment, but nothing was done to stop the racial discrimination.

9. Further, DEFENDANT by its action or inactions of its agents based upon WAGNER's complaints in the work place, which unreasonably interfered with the terms and conditions of WAGNER's employment and WAGNER's performance in her job, based upon her Race, in violation of Title VII of the Civil Rights Act of 1964, 42 .S.C. Section 2000-c et seq; as amended by <u>inter</u> <u>alia</u> the Civil Rights Act of 1991.

12. By reason of the National Origin and Racial discrimination by DEFENDANT agents, WAGNER has suffered a loss of benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

14. The DEFENDANT's violation of WAGNER rights was willful.

15. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed by WAGNER against DEFENDANT. (See Exhibit "A")

16. On July 24, 2023, Plaintiff was sent a notice from the DEFENDANT of his right to bring this action (see Exhibit "B"), and Plaintiff timely filed this action.

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the Plaintiff whole, including:

1. Injunctive Relief,

2. Damages, including loss of pay and benefits;

3. Statutory liquidated damages due to the defendant's willful conduct;

4. Attorneys' fees and costs incurred in this action

5. Such other relief as is just and equitable.

6. The plaintiff requests a jury trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Title VII-RETALIATION-HOSTILE ENVIRONMENT)

17.  Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

18.  DEFENDANT has intentionally retaliated against Plaintiff, based upon filing her complaints of race discrimination with her superiors. Thereafter, DEFENDANT's agents created a hostile, retaliatory and offensive work, hostile and retaliatory environment by treating her differently than other employees not complaining of race discrimination, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

19.  By reason of this retaliation by Defendant, Plaintiff did suffer a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

20.  Further, said action on the part of the DEFENDANT was done with malice and reckless disregard for Plaintiffs' protected rights.

1. Injunctive relief;

2. Damages, including loss of pay and benefits;

3. Statutory liquidated damages due to the defendant's willful conduct;

4. Attorneys' fees and costs incurred in this action

5. Such other relief as is just and equitable.

6. The plaintiff requests a jury trial of this action.

                            DEBORAH L.  WAGNER

                       BY:**/S/ Michael T. Smith**
                            Michael T. Smith

Michael T. Smith
6180407IL
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 895-0626